```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ALAN GIANA,                             :
                                        :    24-cv-2599 (JSR)
        Plaintiff,                      :
                                        :    MEMORANDUM ORDER
        -against-                       :
                                        :
SHEIN DISTRIBUTION CORP. ET AL.,        :
                                        :
        Defendants.                     :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.:

On June 7, 2024, defendant Shein Distribution Corp. ("Shein") and is affiliates, consisting of co-defendants Roadget Business PTE d/b/a Shein, Shein Technology LLC, and Shein US Services, LLC, filed a motion to dismiss for lack of personal jurisdiction. See ECF No. 26. Defendants also moved, in the alternative, to strike class action allegations. Id. After reviewing the parties' briefs, the Court held oral argument on both motions. See ECF No. 36. On August 14, 2024, this Court issued a "bottom-line" order granting defendants' motion to dismiss for lack of personal jurisdiction and therefore dismissing Shein's alternative motion to strike class action allegations as moot. See ECF No. 38. This memorandum order reconfirms that "bottom-line" order and sets forth the reasons for that ruling.

    I.    **Factual Allegations**

Plaintiff Alan Giana is an artist and designer who has created and licensed art for over thirty years. See ECF No. 1 ("Complaint") at ¶ 2. Giana lived in Connecticut through late 2023, when he moved to Florida. See ECF No. 33 ("Giana Declaration") ¶¶ 3-4, 14.

1

In April 2024, Giana filed suit against Shein and its corporate affiliates.[1] Shein, a Delaware corporation with its principal place of business in California, is the United States operating company of a global fashion and lifestyle e-commerce platform based in China. See Complaint at ¶¶ 3, 14; see also ECF No. 29 ("Pernot-Day Declaration") at ¶ 5. To mass produce new products, Shein uses algorithms, artificial intelligence, and computerized monitoring systems both to identify trends on websites and social media platforms and to transmit designs directly to its factories. See Complaint at ¶¶ 6, 18-20. Shein transacts business in New York through websites and mobile apps and has previously operated physical "pop-up" stores in New York. See Complaint at ¶¶ 11, 14.

Giana alleges that defendants infringed his copyrighted work "Coastal Escape," a digital image of a seaside. See Complaint at ¶¶ 55-56. Specifically, he alleges that defendants copied "Coastal Escape" onto their product "Beach Print DIY Diamond Painting Without Frame" ("Diamond Painting") without his authorization or permission.[2] See id. Giana further alleges that defendants have similarly infringed the

---

[1] Roadget Business PTE is a private limited company organized under the laws of Singapore with its principal place of business in Singapore, Shein Technology LLC is a limited liability company formed in Delaware with its principal place of business in California, and Shein US Services, LLC is a limited liability company formed in Delaware with its principal place of business in California. See Pernot-Day Declaration at ¶¶ 4, 6-7.

[2] According to defendants, the Diamond Painting had just three sales, which occurred in Maryland, Ohio, and Oklahoma, respectively. See Pernot-Day Declaration at ¶ 19.

copyrighted works of an untold number of putative class members. See Complaint at ¶¶ 8-9, 60-73.

## II. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the "plaintiff bears the burden of establishing personal jurisdiction over the defendant" by "mak[ing] a prima facie showing" that personal jurisdiction is proper. MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012).[3] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." Id. "If the defendant contests the plaintiff's factual allegations, then a hearing is required, at which the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence." Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 85 (2d Cir. 2013).

"In a federal question case," like this one, "where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process." PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997). Because "[t]he Copyright Act, 17 U.S.C. § 101 et seq., does not provide for nationwide service of process," the Court must look to New York's long-arm statute to determine whether it is statutorily authorized to exercise personal jurisdiction over defendants. Fort Knox Music Inc. v. Baptiste, 203

---

[3] Unless otherwise indicated, case quotations omit all internal alterations, citations, footnotes, and quotation marks.

3

F.3d 193, 196 (2d Cir. 2000). If the Court is so authorized, then it must determine "whether exercising personal jurisdiction would comport with due process." Edwardo v. Roman Cath. Bishop of Providence, 66 F.4th 69, 73 (2d Cir. 2023).

### III. Discussion

Giana contends that two provisions of New York's long-arm statute independently authorize the Court to exercise personal jurisdiction in this case: N.Y. C.P.L.R. § 302(a)(1) and § 302(a)(3). For the reasons discussed below, the Court finds that Giana has failed to show that specific jurisdiction is proper under either provision.[4] Because specific jurisdiction is not statutorily authorized, the Court does not reach the question of whether the exercise of personal jurisdiction would be consistent with due process.

### (i)   Section 302(a)(1)

Section 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). As the plain text of the provision suggests, "[t]o establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from

---

[4] Giana concedes that defendants are not subject to general personal jurisdiction in New York. See ECF No. 32 at 3 n.2.

that business activity." Daou v. BLC Bank, S.A.L., 42 F.4th 120, 129 (2d Cir. 2022).

The first requirement is amply satisfied here. "[P]roof of one transaction in New York is sufficient to invoke jurisdiction . . . so long as the defendant's activities here were purposeful." Id. Defendants' declaration states that Shein's website -- which is owned by Roadget Business PTE, supported by Shein Technology LLC, and operated by Shein US Services, LLC -- "sells SHEIN-branded products and third-party branded products to U.S. consumers" throughout the United States. Pernot-Day Declaration at ¶¶ 8-11. Defendants do not dispute that the Shein website is both available to, and processes transactions by, New Yorkers. To the contrary, their declaration describes Shein "pop-up" stores located in New York City, including in Times Square. See id. at ¶ 20. Accordingly, Giana has satisfied the first requirement by demonstrating by a preponderance of the evidence that defendants transacted business within the Southern District of New York.

However, Giana has failed to satisfy the second requirement. "[The] second prong of the jurisdictional inquiry under § 301(a)(1) requires that, in light of all the circumstances, there must be an articulable nexus or substantial relationship between the business transaction and the claim asserted." Daou, 42 F.4th at 130. "Although the inquiry under the statute is relatively permissive, and causation is not required, not every conceivable connection to a New York transaction is substantial enough to confer jurisdiction." Id. "In

5

effect, the 'arise-from' prong limits the broader 'transaction-of-business' prong to confer jurisdiction only over those claims in some way arguably connected to the transaction." Id.

Giana has not pointed to any evidence that would suggest that his claim arises from defendants' business activity in New York. In his declaration, he merely states, "I believe my work has been commoditized and damaged in New York." Giana Declaration ¶ 19. However, defendants' sales records reflect that the Diamond Painting had just three sales -- none of which occurred in New York. See Pernot-Day Declaration ¶ 19. And Giana has not disputed defendants' assertion that "[n]one of the pop-up stores in New York displayed, sold, or offered to sell the [Diamond Painting]." Id. at ¶ 20.

Giana nevertheless argues that the mere display of his work on defendants' website is enough to satisfy the 'arise-from' prong because the website is available to New Yorkers and it is statistically likely that it was accessed by New Yorkers. However, he cites no authority for his expansive conception of that prong. Cf. Alibaba Grp. Holding Ltd. v. Alibabacoin Found., No. 18-cv-2897, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) ("It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred."). And even if his conception were accurate, he has offered no evidence that any New Yorkers actually accessed the website and

6

viewed his work. Under these circumstances, the Court finds that Giana has not satisfied the second requirement of § 302(a)(1) and therefore has not established that § 302(a)(1) authorizes the exercise of specific jurisdiction in this case.

### (ii)    Section 302(a)(3)

Giana fares no better under § 302(a)(3). Section 302(a)(3) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act with[in] the state causing injury to person or property within the state" if he either "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" or "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3). The New York Court of Appeals has established a bright-line rule for determining "whether an out-of-state act of [digital] copyright infringement has caused injury in New York." Penguin Grp. (USA) Inc. v. Am. Buddha, 946 N.E.2d 159, 162 (N.Y. 2011) ("Penguin II"). "In copyright infringement cases involving the uploading of a copyrighted printed literary work onto the Internet, . . . the situs of injury for purposes of determining long-arm jurisdiction under N.Y. C.P.L.R.

7

§ 302(a)(3)(ii) . . . is the location of the copyright holder." Id. at 161-62.[5]

Giana does not dispute that he was at all relevant times located in Connecticut and Florida -- not New York. See Giana Declaration at ¶¶ 3-4, 14. Instead, he emphasizes that § 302(a)(3) refers to "injury to person or property within the state" and that defendants' alleged infringement has diminished the value of his original works and their licensing value in New York. N.Y. C.P.L.R. § 302(a)(3) (emphasis added). However, the Second Circuit has made clear that "the suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes." Troma Ent., Inc. v. Centennial Pictures Inc., 729 F.3d 215, 218 (2d Cir. 2013). And the New York Court of Appeals specifically considered and rejected a similar argument in Penguin II, reasoning that in "online infringement" cases "identifying the situs of injury is not as simple as turning to the place where plaintiff lost business because there is no singular location that fits that description." Penguin II, 946 N.E.2d at 164. Having considered "the function and nature of the Internet and the diverse ownership rights enjoyed by copyright holders situated in New York," id. at 165, the Court of Appeals held that the

---

[5] Although the Court of Appeals stated the rule with reference to § 302(a)(3)(ii), its opinion refers more broadly to "the jurisdictional inquiry in circumstances alleging digital piracy." Penguin II, 946 N.E.2d at 164. Giana does not meaningfully distinguish § 302(a)(3)(i) from § 302(a)(3)(ii) under Penguin II.

location of the "injury" required under § 302(a)(3) is the "location of the copyright owner," id. at 162.

Because Giana was at all relevant times located in Connecticut or Florida, he has not established that § 302(a)(3) authorizes the exercise of specific jurisdiction in this case. Accordingly, he has failed to prove the existence of specific jurisdiction in the Southern District of New York by a preponderance of the evidence.

### IV. Conclusion

For the foregoing reasons, the Court order dated August 14, 2024 dismissed the complaint without prejudice to Giana potentially refiling his lawsuit in another jurisdiction if such a jurisdiction is available. Having dismissed the complaint, the Court also dismissed defendants' motion to strike the class action allegations as moot. The Clerk of the Court is therefore directed to enter final judgment dismissing the complaint with prejudice, and close the case.

SO ORDERED.

Dated:  New York, NY
        October 1, 2024

_____
JED S. RAKOFF, U.S.D.J.